# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: September 7, 2018

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*       UNPUBLISHED

MELISSA GREEN-HECK,        \*

             \*      No. 16-889V

         Petitioner,      \*

v.                 \*      Special Master Gowen

             \*

SECRETARY OF HEALTH      \*      Joint Stipulation; Influenza ("Flu")

AND HUMAN SERVICES,      \*      Vaccination; Neurological

             \*      Demyelinating Injury.

         Respondent.      \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Ronald C. Homer, Boston, MA, for petitioner.
Claudia B. Gangi, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON JOINT STIPULATION[1]

On July 26, 2016, Melissa Green-Heck ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner received an influenza ("flu") vaccination on October 4, 2014. Petitioner alleged that this flu vaccination caused or significantly aggravated her alleged neurological demyelinating injury, and that she experienced the residual effects of this injury for more than six months.

On September 7, 2018, respondent filed a joint stipulation providing that a decision should be entered awarded compensation to petitioner. Joint Stipulation (ECF No. 48). Respondent denies that the flu vaccination is the cause of petitioner's alleged neurological demyelinating injury, any other injury, or her current disabilities. Id. at ¶ 6. Maintaining their respective positions, the parties nevertheless now agree that the issues between them shall be

---

[1] Because this decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the website of the United States Court of Federal Claims, pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012). The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." Id. If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

settled and that a decision should be entered awarding compensation to petitioner according to the terms of the joint stipulation attached hereto as Appendix A.

**The joint stipulation awards a lump sum of $178,704.50 in the form of a check payable to petitioner.** This amount represents all damages that would be available under 42 U.S.C. § 300aa-15(a).

I find the stipulation reasonable and I adopt it as the decision of the Court in awarding damages, on the terms set forth therein. Accordingly, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties jointly or separately filing notice renouncing their right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| MELISSA GREEN-HECK, | ) |
|  | ) |
| Petitioner, | ) |
|  | ) |
| v. | ) **No. 16-889V** |
|  | ) **Special Master Gowen** |
|  | ) **(ECF)** |
| SECRETARY OF HEALTH AND | ) |
| HUMAN SERVICES, | ) |
|  | ) |
| Respondent. | ) |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Melissa Green-Heck, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received her flu immunization on October 2, 2014.

3. The vaccine was administered within the United States.

4. Petitioner alleges that the flu vaccine caused or significantly aggravated her alleged neurological demyelinating injury, and that she experienced residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

1

6. Respondent denies that the flu vaccine caused petitioner's alleged neurological demyelinating injury, any other injury, or her current disabilities.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $178,704.50 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

2

11. Payments made pursuant to paragraphs 8 and 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past wage loss, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payment described in paragraph 8 and any amount awarded pursuant to paragraph 9, petitioner, in her individual capacity and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on October 2, 2014, as alleged by petitioner in a petition for vaccine compensation filed on or about July 26, 2016, in the United States Court of Federal Claims as petition No. 16-889V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

3

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflects a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that flu vaccine caused petitioner's alleged neurological demyelinating injury, any other injury, or her current disabilities.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/

/

/

/

/

4

Respectfully submitted,

PETITIONER:

*[signature]*

MELISSA GREEN-HECK

ATTORNEY OF RECORD FOR
PETITIONER:

*[signature]* Ronald C. Homer by Joseph Pepper

83.1(c)(2)

JOSEPH M. PEPPER, ESQ.
CONWAY HOMER, P.C.
16 Shawmut Street
Boston, MA 02116
Tel: (617) 695-0880

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

*[signature]* Catharine E. Reeves by Alex B. Birkhold

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF
THE SECRETARY OF HEALTH AND
HUMAN SERVICES:

*[signature]* Ward Sorensen for

NARAYAN NAIR, M.D.
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

*[signature]* Claudia B. Gangi by T M Fielding

CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616 - 4138

Dated: 7 September 2018

5